UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ZAMBOROSKI

        Plaintiff,                Civil Action No. 04-73194

v.                                         District Judge Avern Cohn
                                          Magistrate Judge R. Steven Whalen

RON KARR, DAVID BENAC,
BRUCE BALLE,
and BRUCE ARNOLD,

        Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Before the Court is Plaintiff's Motion to Strike Affirmative Defenses [Docket #11]. For the reasons set forth below, Plaintiff's Motion will be granted in part and denied in part.

**STANDARD OF REVIEW**

Fed.R.Civ.P. 12(f) provides that upon the motion of a party, or upon the court's own initiative, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike affirmative defenses under Rule 12(f) are addressed to the court's discretion, although they are generally disfavored. *Ameriwood Industries International Corp. v. Arthur*, 961 F.supp. 1078, 1083 (W.D.Mich.1997). Such motions are to be considered carefully and not freely granted;

-1-

striking an affirmative defense "is a drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953); *Kelley v. Thomas Solvent Co.* 714 F.Supp. 1439, 1442 (W.D. Mich. 1989). An affirmative defense is insufficient "if, as a matter of law, the defense cannot succeed under any circumstances," and a motion to strike is appropriate "where it will eliminate spurious issues before trial and streamline the litigation." *Ameriwood*, 961 F. Supp. at 1083; *Kelley*, 714 F.Supp. at 1442.

## ANALYSIS

Defendants raise twelve affirmative defenses. They will be assessed in view of the Court's order of August 24, 2005, accepting in part and rejecting in part the undersigned's Report and Recommendation, and denying Defendants' motion for summary judgment.[1]

### Defenses nos. 1, 2 and 3

These affirmative defenses are all based on a theory of qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Technically, of course, qualified immunity is not a defense; it is "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). More importantly, however, the issue of qualified immunity was resolved in Plaintiff's favor in the Court's 8-24-05 order denying summary

---

[1] The Report and Recommendation recommended denying summary judgment on Plaintiff's Eighth and Fourteenth Amendment claims, but granting summary judgment on the First Amendment claim. The District Court agreed with my analysis of the Eighth and Fourteenth Amendment claims, but in addition found a material issue of fact on the First Amendment claim which precluded summary judgment.

judgment. Therefore, Affirmative Defenses 1, 2 and 3 will be stricken.

**Defense no. 4**

Defendants state here that their alleged conduct does not "shock the conscience," and therefore there was no violation of substantive due process. However, Plaintiff does not appear to have alleged a violation of substantive due process. As discussed in my previously filed Report and Recommendation, Plaintiff's Fourteenth and Eighth Amendment claims regarding his conditions of confinement are not scrutinized under a "shock the conscience" standard. *See Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); *Whitley v. Albers*, 475 U.S. 312, 320-321, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Further, in their motion for summary judgment, which was denied, Defendants did not address the issue of substantive due process or argue that their conduct did not "shock the conscience." Defense no. 4 will therefore be stricken as irrelevant.

**Defense nos. 5 and 6**

Here, Defendants assert that their treatment of the Plaintiff was justified by legitimate penological interests to which this Court must give deference. While the Defendants are not entitled to qualified immunity or summary judgment, their claimed justification would be a proper defense for a trier of fact to consider. At this time, the request to strike this defense will be denied. However, the Plaintiff has filed a cross-motion for summary judgment which is still pending review and decision. Upon full review of that motion, the Court may or may not find that a question of material fact exists regarding the "penological justification" defense. Nothing in this Opinion and Order controls or circumscribes the Court's ultimate

assessment of Plaintiff's motion for summary judgment.

**Defense no. 7**

Defendants assert that Plaintiff has failed to state a cause of action upon which relief can be granted. That argument has been rejected by virtue of the Court's order denying summary judgment. Therefore, Defense no. 7 will be stricken.

**Defense no. 8**

Defendants argue that Plaintiff failed to exhaust his administrative remedies, as required by 42 U.S.C. §1997e(a). In my Report and Recommendation, I rejected that argument. Although the Defendants objected to the R&R, they did not specifically object to my findings on exhaustion. They have therefore waived further review of this issue. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Defense no. 8 will be stricken.

**Defense no. 9**

The Court does not have the benefit of full brief and arguments from the parties concerning the question of whether this Complaint is barred by the statute of limitations, and will therefore not rule on the issue at this time. The request to strike Defense no. 9 is denied.

**Defense no. 10**

Defendants argue res judicata and/or claim preclusion, based on the dismissal of Plaintiff's previously dismissed complaint in this Court in docket no. 02-70465. The Court takes judicial notice that the previous suit was dismissed based only on Plaintiff's failure to

exhaust administrative remedies. Therefore, under 42 U.S.C. §1997e(a), the dismissal was without prejudice, and did not constitute a decision on the merits. Accordingly, Defense no. 10 will be stricken.

**Defense nos. 11 and 12**

These both appear to be based on defective service of process. The court file in this case indicates that three of the Defendants (Karr, Balle and Benac) filed waivers of service. However, the docket entries do not reflect that Defendant Arnold filed a waiver or that a return of service was filed as to Arnold. The motion to strike defenses 11 and 12 will therefore be denied.

## CONCLUSION

Plaintiff's Motion to Strike Affirmative Defenses [Docket #11]is therefore GRANTED IN PART AND DENIED IN PART.

The Motion is GRANTED as to Affirmative Defenses 1,2,3,4,7,8 and 10, and those affirmative defenses are STRICKEN.

The Motion is DENIED as to Affirmative Defenses 5,6,9,11 and 12.

SO ORDERED.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  September 22, 2005

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 22, 2005.

                                          S/Gina Wilson
                                          Judicial Assistant