UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID ZAMBOROSKI

        Plaintiff,                  Civil Action No. 04-73194

v.                               District Judge Avern Cohn
                               Magistrate Judge R. Steven Whalen

RON KARR, DAVID BENAC,
BRUCE BALLE,
and BRUCE ARNOLD,

        Defendants.
_____/


**ORDER AND ORDER DENYING AS MOOT MOTION TO COMPEL
AND DENYING SANCTIONS**

Before the Court is Plaintiff's First Motion to Compel Discovery [Docket #67]. The

gravamen of the motion is Plaintiff's request for more legible copies of documents that were

apparently photocopied badly. There is no claim that the documents themselves are not

discoverable. The truly remarkable thing about this motion is that although the relatively

simple discovery request has been resolved (as well it should), four separate pleadings, with

exhibits, have been filed, including two pleadings that were filed *after* the requested

documents were produced.[1] Plaintiff's pleadings are replete with numerous allegations of

_____

[1] *See* Reply to Defendants' Response to Plaintiff's First Motion to Compel
Discovery [Docket #74] and Defendants' Supplemental Response to Plaintiff's First
Motion to Compel Production of Jail Logs [Docket #76].

bad faith, intentionally obstructive conduct, and sloppiness on the part of Defendants' counsel.

We are most displeased that limited judicial resources must be spent in writing this Opinion, but it appears necessary to offer some remedial instruction in basic principles of civility and professionalism, particularly since student attorneys from the Wayne State University Law School are participating in this case.

Most discovery disputes, especially simple matters such as providing legible copies of otherwise discoverable documents, should be and are resolved without judicial intervention. We appreciate and respect aggressive advocacy, but motions such as this are nothing more than sideshows that are counterproductive to the interests of both parties.

This Court has promulgated Civility Principles that seek to temper bad behavior by attorneys. The Preamble to the Civility Principles addresses this problem as follows:

> "Conduct that may be characterized as uncivil, abrasive, abusive, hostile or obstructive impedes the fundamental goal of resolving disputes rationally, peacefully and efficiently. Such conduct tends to delay, and often deny, justice.

In addition to encouraging cooperation in discovery matters, the Civility Principles state, at ¶4:

> "**(4)** We will not, absent good cause, attribute bad motives or improper conduct to other counsel or bring the profession into disrepute by unfounded accusations of impropriety."

As to requests for sanctions, ¶5 states:

> **(5)** We will not seek court sanctions without first conducting a reasonable investigation and unless fully justified by the circumstances and necessary to

protect our client's lawful interests."

Thus, while we do not expect counsel to hold hands and sing *Kumbaya*, we do expect a modicum of civility and cooperation in non-dispositive matters such as discovery. We do *not*, as members of the federal judiciary, expect to assume the role of kindergarten teachers or to mediate pointless "he-hit-me-first" arguments between alleged professionals. We note that this is not the first time that the attorneys in this case have sought our intervention and wasted our time in trying to resolve issues that any two reasonable adults–let alone attorneys–should be able to work out on their own. We fear that the law students involved in this case are learning some very bad habits.

In the immortal words of former boxer Roberto Duran, *no más*. The attorneys *will* abide by the Civility Principles adopted by this Court, they *will* cooperate in discovery, they *will* refrain from name-calling and unfounded accusations of bad faith, and they *will not* waste any more of the Court's time with non-issues. The Court will deny the Plaintiff's request for sanctions at this time, but let counsel be forewarned: in any future discovery motions, the non-prevailing attorney will be assessed sanctions under Fed.R.Civ.P. 37.

Accordingly, Plaintiff's Motion to Compel [Docket #67] IS DENIED AS MOOT.

Plaintiff's request for sanctions is DENIED.

SO ORDERED.


S/R.  Steven Whalen
R.  STEVEN WHALEN

-3-

UNITED STATES MAGISTRATE JUDGE

Dated:  November 8, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 8, 2006.


S/Gina Wilson                                        
Judicial Assistant