UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ZAMBOROSKI,

    Plaintiff,

v.                                                                            Case No. 04-73194

RON KARR, DAVID BENAC,                                HONORABLE AVERN COHN
BRUCE BALLE, and BRUCE ARNOLD,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS BARRY MINTZES, PH.D.

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983 set for trial on April 9, 2007. Before the Court is defendants' motion to strike plaintiff's expert witness, Dr. Barry Mintzes on the grounds that plaintiff did not disclose Dr. Mintzes within the time frame allowed under Fed. R. Civ. P. 26. For the reasons that follow, the motion is DENIED.

II.

The Federal Rules of Civil Procedure require that parties disclose their expert witnesses prior to trial. Fed. R. Civ. P. 26(a)(2)(A). Rule 26(a)(2)(B) requires that written reports by experts be signed, and:

> [t]he report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the

compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B).  Under Fed. R. Civ. P. 26(a)(2)(C), a party must disclose the identity of each expert witness whom it intends to rely upon at trial and a written report prepared and signed by such expert, "at least 90 days before the trial date or the date the case is to be ready for trial...."  Rule 37(c)(1) provides that a party who fails to disclose information required by Rule 26(a) or 26(e)(1) or fails to amend a prior response to discovery as required by Rule 26(e)(2) is not permitted to use such information at trial unless the omission is harmless or the party has a substantial justification for the omission.  Fed. R. Civ. P. 37(c)(1).  The district court has discretion in determining whether there is a violation of Rule 26.  See Sommer v. Davis, 317 F.3d 686, 691-92, 695-96 (6th Cir. 2003).

### III.

Defendants argue that because it is undisputed that plaintiff did not retain or disclose the identity of Dr. Mintzes until January 8, 2007, after the December 11, 2006 discovery cut off, he should not be permitted to testify.  They also say that since Dr. Mintzes has not yet prepared a report, his report, when disclosed, will not be within the 90 day time frame required by Fed. R. Civ. P. 26(a)(2)(C).

In response, plaintiff concedes that it did not disclose Dr. Mintzes until after the close of discovery and that his report will not be provided to defendants 90 days prior to trial.  However, plaintiff points out that defendants did not disclose their expert witness until the end of discovery and their expert's report, which was disclosed on the last day of discovery (December 11, 2006), indicates it is a preliminary report.  It was not until

plaintiff's received defendants' expert report that it sought to obtain an expert, which it did as soon as possible given the constraints of the nature of plaintiff's representation. Plaintiffs therefore argue that defendants too have failed to strictly comply with Rule 26.

The Court does not find plaintiff's untimely disclosure justifies the relief sought by defendants. As observed in the order denying defendants' motion for summary judgment, given the nature of this case and the fact that plaintiff is represented by appointed counsel, there is no danger of prejudice by plaintiff's late disclosure. Defendants have ample time prior to trial to depose plaintiff's expert after receiving his report.

SO ORDERED.

   s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 7, 2007

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, March 7, 2007, by electronic and/or ordinary mail.

   s/Julie Owens
Case Manager, (313) 234-5160